Moss, Judge,
delivered the opinion of the court:
This case is controlled by the decision of the United States Supreme Court in the case of Swift & Company v. United States, 270 U. S. 124. The contract which is the basis of this action was entered into at the same time, and for the same purpose, through the same Government official as in the Swift case; and the reason for the failure of the Government to fully execute the contract is also precisely the same as in that case. When the Government notified plaintiff to *353 cease production under the contract plaintiff had on hand 2,694,786 pounds of raw canning beef purchased prior to receipt of said notice for manufacture under the contract. The instruction from the Government contained in a communication from General Kniskem, officer in charge, was “ to use every effort to dispose of such material as you may now have on hand in order that adjustment may be quickly made,” and that “it will not be necessary to communicate with this office, either in person or by correspondence, with a view to making any arrangements other than those outlined herein.” There were only two methods open to plaintiff— to try to dispose of the material in its raw condition or convert it into a marketable finished product. Plaintiff proceeded at once with the manufacture of this raw material into the canned product by the usual process and disposed of same at a loss of $134,143.58. Defendant does not deny its liability, but contends that by adopting a different method of disposing of the material on hand plaintiff could have realized a larger sum, thereby reducing the damages. Specifically, defendant’s contention is that said material should have been sold promptly in the market in its raw state, and alleged that it had a market value of 23 cents a pound. The record, however, shows not only that it did not have such a market value, but that at that particular time there was no market for it in any considerable quantity. In adopting the method employed for the disposition of this material plaintiff acted in good faith and in accordance with its best judgment, and this course meets the spirit of the rule announced in the Swift case.
In view of the patriotic and praiseworthy cooperation of plaintiff and others in its class in meeting the demands of the Government during the stress of war-time needs, as reflected in the judicial history of the country, it is, to say the least, unfortunate that plaintiff has so long been denied the remedy provided by law, which in this case is the recovery of actual out-of-pocket losses, without interest; and especially does this observation refer to the period which has elapsed since the final decision in the Swift case. Plaintiff *354 is entitled to recover the amount sued for, and it is SO' ordered and adjudged.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GkeeN, Judge, took no part in the decision of this case.