GREEN, Judge,
delivered the opinion to the court:
So far as the principles upon which recovery is sought in this case are concerned, it is similar to the cases of Swift & Co. v. United States, 59 C. Cls. 364, 270 U. S. 124, and Libby, McNeill & Libby v. United States, 65 C. Cls. 341, which control the decision herein. The action is based upon a contract made by the Government for delivery to it by the plaintiff of certain meat products. At the close of the World War, the Government found it had no use for the product involved herein and declined to receive it, instructing the plaintiff “ to use every effort to dispose of such material as you now have on hand, in order that adjustment may be quickly made.” This the plaintiff did. No claim is *544 made on behalf of the defendant that it is not liable herein for whatever loss the plaintiff sustained by reason of the failure of the Government to carry out the contract on its part. The defense is in substance that by reason of failure to properly authenticate the entries made in plaintiff’s books, which are relied upon by plaintiff, that the amount to which the plaintiff is entitled is not shown by the evidence and therefore the defendant is entitled to judgment.
We do not think it is necessary to consider this defense at length and in detail. The great weight of authority is to the effect that where the books of account, upon whicii the case is based, involve, as in the case at bar, an enormous number of entries, it is sufficient if they are verified on the stand by a supervising officer who knew them to be the books of regular entries kept in the establishment and which were relied upon in the regular course of the business. The plaintiff complied with this requirement.
It is also objected that the amount of plaintiff’s loss was computed from the books of plaintiff by Government accountants, and it is urged that the fact that it was so determined is a reason for excluding the testimony of these accountants. This objection also must be overruled. It is necessary that such computation or calculation be made, and in the absence of other evidence the books of the plaintiff constitute the best source from which to make it. Moreover, professional or skilled accountants are the only persons who are competent to make such a calculation or computation when books are used which include entries by the hundreds or thousands. It is well settled that an expert accountant may testify to the result of a calculation made from voluminous entries. Wigmore on Evidence, sec. 1230.
It will be observed there is no pretense that defendant has, upon the merits of the case, any defense whatever. The plaintiff has, without any reasonable cause, been deprived of just compensation for many-years. This court is powerless to enter any penalty when defenses are interposed for no other purpose except delay. It can not even award interest in cases of this nature, and the ultimate conclusion of the case must be merely a judgment for the plaintiff for the *545 amount due it in 1919. We mention this matter in case a further delay should ensue by reason of proceedings in a higher court which may have power to inflict a penalty for such action.
An order giving the plaintiff judgment for the amount found due to it by defendant’s accountants will accordingly be entered.
Sinnott, Judge; Muss, Judge/ Geai-iam, Judge; and Booth, Chief Justice, concur.