Littleton, Judge,
delivered the opinion of the court:
The only question in this case is whether plaintiff is •entitled to interest at 6 percent per annum on $223,066.62 which was duly allowed by legal authority and presented for payment, but which was withheld on November 1, 1927, and applied by the Comptroller General against an alleged indebtedness of the plaintiff to the United States. Payment of the amount mentioned was withheld from plaintiff until January 14, 1933, when it was decided in United States v. Great Northern Railway Co., supra, that plaintiff was not indebted to the United States for the amount on account of which payment of the sum due it was withheld.
No interest was paid to plaintiff on the amount due it •during the time payment was withheld and the defendant -contends that section 13 of the act of March 3, 1933, amending the act of March 3, 1875, 18 Stat. 481, title 31, sec. 227, U.S.C.A., was retroactive and took away from this court •all jurisdiction to allow interest in any case where the claim *99 was allowed by legal authority and payment thereof withheld, where the claim had not been reduced to judgment. This question was considered and decided by this court in Ernest C. Whitbeck, Receiver of L-W-F Engineering Co., Inc., v. United States, 77 C.Cls. 309. We think it is obvious-that section 13 of the Treasury-Post Office Appropriation Act for the fiscal year 1934, approved March 3, 1933, did not repeal the act of March 3, 1875, in its application to interest on claims duly allowed by legal authority and withheld prior to March 3, 1933. Section 13 of the act of March 3, 1933, simply amended the act of March 3, 1875, and such amendment, by its plain terms, was prospective and not retroactive. It was therefore effective only from the date of its enactment. United States Fidelity & Guaranty Co. v. Struthers Wells Co., 209 U.S. 306.
In Twenty Percent Cases, 20 Wall. 179, the court held that “ even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms.”
In United States v. Heth, 3 Cranch 399, 413, the court, said “Words in a statute ought not to have a retrospective operation, unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. This rule ought especially to be adhered to, when such a construction will alter the pre-existing situation of parties,, or will affect or interfere with their antecedent rights, services, and remuneration; which is so obviously improper, that nothing ought to uphold and vindicate the interpretation,, but the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.” See also, Chew Heong v. United States, 112 U.S. 536, 559; United States v. Burr, 159 U.S. 78, 82; White v. United States, 191 U.S. 545, 552; Southwestern Coal Co. v. McBride, 185 U.S. 499, 503; United States v. American Sugar Co., 202 U.S. 563, 577.
Inasmuch as the act of 1875 still remains in effect as to all claims coming within its terms prior to March 3, 1933,. the claim of the plaintiff in this case is one arising under- *100 •that law of Congress and this court has jurisdiction to enter •judgment for interest authorized thereby. Plaintiff is therefore entitled to judgment for $69,671.13, being interest on •$223,066.62 from November 1, 1927, to January 14, 1933, and judgment will be entered accordingly. It is so ordered.
Whaley, Judge; Williams, Judge; and Green, Judge, «concur.
Booth, OMef Justice, did not hear this case, on account of illness, and took no part in its decision.