**AMERICAN POTASH CO. v. UNITED STATES.**

No. 41950.

Court of Claims.

Nov. 5, 1934.

F. W. McReynolds, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Counsel for the defendant contends that plaintiff is not entitled to recover either of the amounts hereinbefore mentioned as additional interest on the 1917 tax overpayment of $61,561.96 under either the interest provisions of the Revenue Act, as computed by the Commissioner of Internal Revenue, or under

the Act of March 3, 1875, on the amount of $105,432.87, being the tax overpayment plus interest thereon duly allowed by the Commissioner. In support of this position counsel for defendant argues that the provisions of the 1928 Revenue Act wholly control the matter; that section 614 (a) (2) of that act, 26 USCA § 2614 (a) (2), provides only for the allowance of interest on a tax overpayment to a date thirty days prior to the date on which the refund is paid, and that the tax refund in this case was paid on May 17, 1930, which was the date on which the disbursing clerk of the Treasury Department first issued a check for the overpayment and interest allowed by the Commissioner. We cannot agree and upon a consideration of the whole case and the decided cases bearing upon the question we are of opinion that plaintiff is entitled to additional interest of $6,782.84 computed upon the amount of $105,432.87 under the provisions of the Act of March 3, 1875, 18 Stat. 481, U. S. Code, title 31, § 227 (31 USCA § 227), from May 17, 1930, to June 12, 1931, which is the period during which the Comptroller General withheld payment of the amount which the Commissioner had duly allowed and directed should be paid. The correctness of the Commissioner's original allowance when made has never been questioned and is not questioned here. Ordinarily, the date on which a check is issued will be considered the date of payment, but this rule cannot apply where payment of the check so issued is stopped on the ground that the amount of the check may not be due and such check is again returned in payment at a later date.

This court has decided in a number of cases that the provisions of the act of 1875 are applicable to a tax overpayment and interest thereon duly allowed by the Commissioner of Internal Revenue and withheld by the Comptroller General, and subsequently paid —the more recent cases being Helvetia Milk Condensing Co. v. United States, 56 F.(2d) 676, 74 Ct. Cl. 142, and Highland Milk Condensing Co. v. United States, 56 F.(2d) 682, 74 Ct. Cl. 267. We have also definitely held that the interest provided in the act of 1875 applies to amounts duly allowed by legal authority, as in this case, and that such provisions are not limited solely to judgments, the payment of which is withheld. See United States v. La Grange Grocery Co. (D. C.) 31 F.(2d) 297; Lloyd-Smith v. United States (Ct. Cl.) 44 F.(2d) 990; Briggs & Turivas, Inc., v. United States (Ct. Cl.) 53 F.(2d) 140; Libby, McNeill & Libby v. United States, 65 Ct. Cl. 341; Helvetia Milk Condensing Co.

v. United States, supra; Highland Milk Condensing Co. v. United States, supra; Whitbeck, Receiver, v. United States, 77 Ct. Cl. 309; and Chicago, Indianapolis & Louisville Ry. Co. v. United States, 78 Ct. Cl. 96.

The Comptroller General also took the position, and counsel for the defendant here seeks to sustain it, that as the amount of $105,432.87 in question was not withheld because of any known or determined amount of indebtedness claimed by the government from the plaintiff, but because it was supposed that there might be some indebtedness in respect of plaintiff's tax liability to the government for other years, the matter is not subject to the provisions of the act of 1875. In our opinion the plain provisions and obvious purpose of the act of 1875 negative this contention. That act provides that if a claimant for an amount duly allowed by legal authority shall be indebted to the United States in any manner, payment of the amount allowed equal to such indebtedness shall be withheld, and if the claimant consents to such set-off, the indebtedness so due by the claimant to the United States shall be discharged equal to the amount which has been allowed and applied thereto, but that if the claimant denies the indebtedness or does not consent to the set-off, such an amount as may be necessary to satisfy any such claimed indebtedness and all legal charges and cost of prosecuting the indebtedness claimed by the United States to final judgment shall be withheld; and, if it shall be finally determined that no indebtedness exists to the United States or that the amount due the government is less than the amount withheld, the balance shall be paid over to such claimant with 6 per cent. interest thereon for the time it has been withheld. The whole purpose of the act was to compensate a claimant by way of interest on an amount which had been allowed by legal authority for the time during which it was wrongfully withheld from him, if it should be ultimately determined that he was not otherwise indebted to the United States. The case at bar clearly comes within these provisions, for the amount here involved was withheld in the hope that some indebtedness of plaintiff might be found against which it could be applied. In our opinion, this is even a stronger case for the allowance of interest than one where a definite indebtedness is claimed by the government to exist in its favor and is prosecuted to final judgment. There might be reasonable cause for withholding an amount duly allowed by legal authority where there is a definite claim of indebtedness to the United States, but in the case at bar there was ap-

parently no reasonable cause to believe at the time the amount was withheld that the plaintiff was otherwise indebted to the United States. The Commissioner of Internal Revenue was charged by statute with the duty of determining plaintiff's tax liability. Neither the Commissioner nor any other official authorized to act for the United States had so decided at the time payment was withheld, and no indebtedness by plaintiff was at any time thereafter found to exist.

In the circumstances of this case the date on which payment of $105,432.87 was made was June 13, 1931, when the check for the amount due was again issued upon the decision of the Comptroller General that the amount should no longer be withheld, and the Treasurer of the United States was so notified and authorized to pay the same to the plaintiff upon a new indorsement by plaintiff of the check which had theretofore been issued on May 17, 1930. The fact that the original date of the check, payment of which had been stopped and withheld by the Comptroller General, was May 17, 1930, is immaterial. It was in substance and in fact a new check, because due and legal payment of the check as originally issued had been stopped and withheld. Plaintiff is, therefore, entitled to recover $6,782.84 and judgment in his favor for that amount will be entered.

It is so ordered.