LittletoN, Judge,
delivered the opinion of the court:
In the case of Edwards v. United States, M-396, 80 C. Cls. 118, this court on February 4, 1935, upon plaintiff’s motion that interest under the Act of 1875 be allowed in the judgment in that case, said:
These motions must be denied for the reason that this suit was brought for a breach of contract No. W-503 QM 6223 in charging plaintiff with the excess cost of $4,045.43, above mentioned, and not for the recovery of the amount of $4,045.43, with interest, duly allowed and withheld under contract W-503 QM 7549. No interest is allowable by the court in its judgment rendered under contract W-503 QM 6223, since that contract did not provide for interest, and no amount due thereunder was allowed by legal authority and *618 withheld. If the defendant should refuse to pay interest under the Act of March 3, 1875, on the amount duly allowed and withheld under contract W-503 QM 7549, plaintiff may have a cause of action therefor, but such claim for interest cannot be raised and made, at this time, under suit upon contract W-503 QM 6223.
When the judgment of the court in the case of this plaintiff, M-396, was paid, plaintiff’s claim for interest on the total amount due him under other contracts which had been duly allowed by legal authority and withheld was denied,, and this suit to recover such interest was thereupon instituted. The interest claimed should have been allowed, and judgment therefor in favor of plaintiff will be entered. Detroit, Toledo, and Ironton Railroad Co. v. United States, 77 C. Cls. 227; Whitbeck v. United States, 77 C. Cls. 309, 342, 343; Highland Milk Condensing Co. v. United States, 77 C. Cls. 645; Chicago, Indianapolis, and Louisville Railway Co. v. United States, 78 C. Cls. 96; Allis-Chalmers Manufacturing Co. v. United States, 79 C. Cls. 453, 464. It is so ordered.
Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.