Drake, Oh. J.,
delivered the opinion of the court:
Under the Joint Resolution February 28,1867, (14 Stat. L., p. 569,) the claimant, sues for $600, being 20 per cent, on his compensation as deputy marshal of the District of Columbia; and his petition alleges that, for one year from and after the 30th of June, 1866, and during the whole of said year, he was employed and acted as such deputy marshal at Washington, being employed as such by the marshal of said District, and his compensation or salary for the year being fixed by the Secretary of the Interior, in pursuance of law, at $3,000 per annum, payable out of the emoluments of the office of the marshal.
The defendants demur to the petition; and the question is thereby presented, whether, upon the facts stated in the petition, the claimant is entitled to the benefit of the joint resolution.
As deputy marshals are not named in the resolution, the general ground for the claim is in the fact that the claimant was an “ employé in the civil service of theUnited States.” The statute bearing on this point is the twenty-seventh section of the uAct to establish the judicial courts of the United States ,” approved September 24,1789, (1 Stat. L., pp. 73, 8¿,) wherein every marshal was authorized to appoint one or more deputies, who should be removable from office by the judge of the district court, or the circuit court sitting within the district, at the pleasure of either, and for whose acts the marshal should be responsible; and the deputies were required to take a like oath of office to that taken by the marshal. We suppose it quite clear that deputy marshals so appointed were, and that this claimant was, in the civil service of the Government, at Washington. But was he in such service in any of the Departments named in the joint resolution ? If he was not, he is not entitled to recover.
He does not make any direct averment on this point, but relies, doubtless, in this regard, upon the allegation that “7m compensation or salary for the year aforesaid was fixed by the Secretary of the Interior, in pursuance of law, at $3,000 per annum, payable out of the emoluments of the office of the marshal of said District.”
If the Secretary of the Interior had lawful authority to fix the claimant’s salary, it would present a case somewhat similar to that of a guard at the jail of the District of Columbia, whose *573 salary was, by law, fixed by that officer, and whom, therefore, the Supreme Court held entitled to the 20 per cent. (20 Wall., 179.) To sustain that authority in the Secretary, the claimant’s counsel referred us to the third section of the 11 Act to regulate the fees and easts to be alloiced clerics, marshals,” &c., approved February 26,1853, (10 Stat. L., p. 161,) the parts of which bearing on this case are as follows:
“ That every district attorney * * * and marshal of the United States shall, until otherwise directed by law, upon the first day of January and July in each year, * * * or within thirty days from and after the days specified, make to the Secretary of the Interior # # * a return in writing, embracing all the fees and emoluments of their respective offices, of every name and character, distinguishing the fees and emoluments received or payable under the bankrupt act from those received or payable for any other service; and in the case of a marshal further distinguishing the fees and emoluments received or payable for services by himself personally rendered, from those received or payable for services rendered by a deputy; and also distinguishing the fees and emoluments so received or payable for services rendered by each deputy, by name, and the proportion of such fees and emoluments which, by the terms of his service, each deputy is to receive; and also embracing all the necessary office-expenses of such officer, together with the vouchers for the payment of the same for the half year ending on the said first day of January or July, as the case may be. * * * And no marshals shall be allowed by the said Secretary to retain of the fees and emoluments of his office, for his own personal compensation, over and above a proper allowance to his deputies — which shall in no case exceed three-fourths of the fees and emoluments received or payable for the services rendered by the deputy to whom the allowance is made, and may be reduced below that rate by the said Secretary * * * whenever the returns shall show that rate of allowance to be unreasonable — and over and above the necessary office-expenses of the said marshal, the necessary clerk-hire included also to be audited and allowed by the proper accounting-officers of the Treasury, a sum exceeding six thousand dollars per year, or at and after that rate for such time as he shall hold the office; and every such officer shall, with each such return made by him, pay into the Treasury of the United States * * * *574 any surplus of tbe fees and emoluments of his office, which his half-yearly return so made as aforesaid shall show to exist over and above the compensation and allowances hereinbefore authorized to be retained and paid by him.”
This section is very inaptly and unskillfully drawn, but a careful scrutiny and analysis of the words, as we think, establishes the following as their legitimate meaning and design: 1. That the personal compensation to a marshal, after deducting “a proper allowance to his deputies,” his necessary office-expenses, and necessary clerk-hire, should not exceed $6,000 per year; 2. That in order to effectuate this design, the marshal should make, every six months, an emolument-return to the Secretary of the Interior; 3. That the “proper allowance to his deputies” should not exceed three-fourths of the fees and emoluments earned by them; and 4. That the Secretary of the Interior might reduce that rate of allowance to deputies, whenever the marshal’s returns showed that rate to be, in the Secretary’s judgment, unreasonable.
If this statement of the design of the section, as to the allowance to deputies, be correct, then we look there in vain for any authority in tbe Secretary of the Interior to fix the claimant’s compensation as deputy at $3,000 per annum. The law fixes the rate, not the amount, of a deputy’s compensation, and the amount must depend upon the amount of fees and emoluments earned by him; and the Secretary is not authorized to act upon the %mount, as such, but only to reduce the rate allowed by the act, whenever the marshal’s return should “ show that rate of allowance tobe unreasonable.” From this it follows that there can, in such a case, be nothing for the Secretary to act upon until the marshal’s return is before him, and he can, from the return, see what the deputy has earned, and form, a judgment whether the rate of three-fourths of his earnings is an unreasonably large compensation for his services during the six months covered by the return.
From the views expressed, this case seems to us not to be within the ruling of the Supreme Court in the case of the guard at the jail.
But there is another view which appears to us to be equally conclusive. The guard was receiving a regular salary from the Government; but this deputy marshal received no salary or pay of any kind from the Government, but only a certain *575 proportion of tbe emoluments earned by him for the marshal, to be paid to him by the latter out of those emoluments. This cannot be the basis of any demand against the Government under the joint resolution.
The demurrer must be sustained.