Scofield, J.,
delivered the opinion of the court:
The claimants file their petition to recover certain sums of money for drawback on foreign bituminous coal, shipped as fuel on board certain steamers plying from the port of New York to foreign ports.
The dates of shipments, the quantity of coal, and the names and destination of the vessels appear by the following table:

The duties upon the coal had been paid at the time of importation.
The drawback is claimed under the Act March 3, 1883 (22 ■Stat. L., 488). In Schedule N of that actis the following provision :
“ Coal, bituminous and shale, seventy-five cents per ton of twenty-eight bushels, eighty pounds to the bushel.
“ A drawback of seventy-five cents per ton shall be allowed on all bituminous coal imported into the United States which is afterwards used for fuel on boad vessels propelled by steam *366 which aiu engaged in the coasting trade of the United States or iir the trade with foreign countries, to be allowed and paid under such regulations as the Secretary of the Treasury shall prescribe.”
Upon the reshipment of the coal all the requirements of this act and the regulations of the Secretary of the Treasury were complied with by the claimants, but before the collector of customs had issued the drawback certificates, the Act June 19, 1886 (24 Stat. L., 81) was passed, in which is found the following provision :
“ Sec. 10. That the provisions of Schedule N of an act to reduce internal-revenue taxation, and for other purposes, approved March 3, 1883, allowing a drawback on imported bituminous coal used for fuel on board vessels propelled by steam, shall be construed to apply only to vessels of the United States.”
The Secretary of the Treasury, in doubt as to the effect of this statute upon prior reshipments, directed the collector to withhold certificates of drawback.
It will be observed that the claimants’ right to demand such certificates was complete before the construing act was passed.
Did Congress intend by this act to devest rights already acquired under the act of 1883 ? The rule is well settled that a retroactive effect cannot be given to a statute unless that intention clearly appears.
In Chew Heong v. The United States (112 U. S. R., 559) the Supreme Court said:
“ The courts uniformly refuse to give to statutes a retrospective operation, whereby rights previously vested are injuriously affected, unless compelled to do so by language so clear and positive as to leave no room to doubt that such was the intention of the legislature. In United States v. Heth (3 Cranch, 390, 413) this court said that words in a statute ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them or unless the intention of the legislature can not be otherwise satisfied; ’ and such is the settled doctrine of this court. (Murray v. Gibson, 15 How., 421, 423; McEwen v. Den, 24 How., 242, 244; Harvey v. Tyler, 2 Wall., 328, 347; Sohn v. Waterson, 17 Wall., 596, 599; Twenty Per Cent. Cases, 20 Wall., 179, 187.) ”
In this act such intention is not clearly expressed. It may mean that the act of 1883 “ shall be construed ” in the future or from the date of that act in the .manner prescribed. If it related back to 1883, then drawbacks already paid should be *367 refunded; if only to the future, no completed transactions will be disturbed and no vested rights devested.
The court holds that Congress intended the act to apply only to reshipments thereafter made.
The defendants also object to the jurisdiction of the court.
That question is settled adversely to the defendant’s position by the opinion of the Supreme Court in Campbell v. United States (107 U. S. R., 407).
The facts in the two cases, so far as concerns the question of jurisdiction, are so exactly similar that it is only necessary to refer to that decision. Judgment will be entered in favor of the claimants in the sum of $1,040.95.