## In re RITZ–CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY.*
### No. 27996.

District Court, D. New Jersey.
July 14, 1938.

Burnett & Trelease, of Newark, N. J., for debtor.

Rosenberg, Goldmark & Colin, of New York City (Herman Jervis, of New York City, on the brief), for Real Estate Bondholders Protective Committee, intervener.

Charles A. Wolverton, of Camden, N. J., and Morton P. Rome, and Stanley Folz (for Sundheim, Folz & Sundheim), all of Philadelphia, Pa., opposed, appearing for Bankers Securities Corporation, James F. Hickey, Leon Medoff, and James J. Collins.

AVIS, District Judge.

On June 23, 1938, the debtor filed its petition for reorganization. On the same date an order to show cause was issued with relation to the approval of the petition. At the time of hearing on said order, objection to the approval of the petition was made by Bankers Securities Corporation and certain interested individuals. The objections were based upon two propositions: (1) That the costs on appeal in a prior proceeding of a similar character had not

*Order reversed Bankers Securities Corporation v. Ritz Carlton Restaurant & Hotel Co. of Atlantic City, 99 F.2d 51.

been paid; (2) that a complete financial statement and schedules had not been filed. Incidentally, the question was raised as to whether the proceedings should be conducted and continued under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, or whether they were controlled by the terms and conditions prescribed in the new amendment approved June 22, 1938.

As to the first objection, it is true that ordinarily the costs assessed against a party in a previous proceeding of the same character must be paid before a new action may be prosecuted. This rule is established to prevent unnecessary and vexatious litigation. The instant case is not an ordinary action at law or in equity, but involves the reorganization of a corporation for the benefit of all of its creditors. If the corporation had ample funds, it could well be said that the payment should be made at once and prior to consideration of the new petition. The question is one of fairness, and is undoubtedly within the discretion of the Court. I am convinced that the Court should not require the payment of these costs in advance of the consideration of the petition last filed. The payment may be taken care of in the reorganization proceedings.

The second objection has merit, but I am inclined to hold that it is not a matter which precludes the approval of the petition. The petition attempts to incorporate the schedules which were filed with the earlier petition, in the new proceedings. This is not sufficient in view of the objection made, and the debtor should file complete new schedules and statement as required by the statute within ten days of the approval of the petition.

The third objection has raised a very intricate and interesting question. The objectors claim that in all matters of this character, where the petition is approved subsequent to the approval of the new act, the said act applies to all proceedings incident to the reorganization.

Section 7 of Chapter 14, which applies to all terms of the new act, 52 Stat. 940, reads as follows: "This amendatory Act shall take effect and be in force on and after three months from the date of its approval."

It takes effect under this provision on September 22d or 23rd, 1938. On which of these dates is immaterial to the present controversy.

The objectors claim that under Article 16, Section 276 of chapter 10, subsection "c", it is clear that the statute is retroactive in its effect, and applies to all proceedings immediately after approval where the petition is approved within three months prior to the effective date of the act.

Reliance is placed upon the language of the above subsection which reads as follows:

"the provisions of sections 77A and 77B of chapter VIII, as amended, of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898, shall continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that—

"(1) if the petition in such proceedings was approved within three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply in their entirety to such proceedings; and

"(2) if the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable; * * *." 11 U.S.C.A. § 676.

It will be noted that the effective date of the act is fixed as three months after its approval. It also appears that Congress was not satisfied with this statement alone as it applied to cases wherein the petitions had been filed and approved prior to the effective date of the act, but affirmatively declared that the provisions of 77A and 77B (11 U.S.C.A. §§ 206, 207) should "continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act." If no exception to the above provision had been incorporated in the act, there would be no question as to the meaning. The act would not affect any proceedings, unless instituted after its effective date.

Exception (1), however, raises the doubt as to whether it puts the act into immediate effect in cases therein specified. This exception is a modification of the language of subsection "c" and must be so applied. Considered in this light, both of the provisions referring to the effective date of the act, I am satisfied that the application of the provisions of the new act is postponed

until its effective date; that it was not intended by Congress to be retroactive. This conclusion appears to be supported by the apparent construction placed upon it by the Senate Judiciary Committee. Mr. O'Mahoney, of that Committee, submitted what appears to be the majority report, and therein, inter alia, stated: "Section 276 keeps section 77B operative, except as noted below, with respect to proceedings pending when this chapter takes effect. This chapter is made applicable in its entirety to proceedings in which the petition was approved not more than 3 months before this chapter becomes effective. In these cases, the courts and the parties have ample notice of the provisions of this chapter, since this act does not take effect until 3 months after it is signed. As to cases wherein the petition was approved more than 3 months before the effective date of this act, the judge is given full discretion to apply such provisions of this chapter as are practicable." Senate Report 1916, p. 39.

A careful reading of this portion of the report indicates quite clearly the views of the writer, that no portion of the act should become effective as regards any proceedings until three months after its approval.

■ Assuming that there is some question as to the effect of the above exception, it is certainly not clear that Congress intended to apply the act in any causes prior to the date it became effective, and in cases of that character the courts have many times held that statutes are to be construed as having only a prospective operation. The text set out in 59 Corpus Juris, section 692, appears to be dispositive of that proposition and reads as follows: "Retrospective or retroactive legislation is not favored. Hence, it is a well settled and fundamental rule of statutory construction, variously stated, that all statutes are to be construed as having only a prospective operation, and not as operating retrospectively. It is equally well settled as a fundamental rule of statutory construction supported and established by numerous judicial decisions that statutes are not to be construed as having a retroactive effect. Both the above statements and rules are of course contingent upon the absence of any words expressing a contrary intention, or, more specifically, unless the purpose and intention of the legislature to give them a retrospective effect clearly, expressly, plainly, obviously, unequivocally, and unmistakably appears, or is clearly, or as it has sometimes been stated in instances where the subject matter was under consideration, distinctly, indisputably, manifestly, most positively, most explicitly, plainly, unambiguously, unequivocally, or unmistakably, or shown, by express declaration or command, or by a very clear, fair, necessary, unavoidable, or unequivocable implication. In every case of doubt, the doubt must be solved against the retrospective effect and in favor of prospective construction only. Where a statute is expressly or by clear implication made retroactive to a certain extent or for a certain purpose, the courts will not by construction give to it a retroactive operation to any greater extent or for any other purpose." Pages 1159–1169, incl.

A leading case in the Supreme Court is Twenty Per Cent Cases, 87 U.S. 179, 20 Wall. 179, 22 L.Ed. 339. The court, on page 187, said: "Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of actions, or with vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and pursuant to that rule courts will apply new statutes only to future cases, unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive operation. Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms."

Under all of the circumstances and conclusions, I have signed the order approving the petition, and have therein appointed Alexander L. Rogers, Esq., as Trustee.