HARRY E. BOVAY and KENYON D. WELLS, Trustees in Bankruptcy of VICKSBURG BRIDGE & TERMINAL COMPANY, a corporation of the State of Delaware,

*vs.*

H. M. BYLLESBY AND COMPANY, a corporation of the State of Delaware, and FEDERAL SECURITIES CORPORATION, a corporation of the State of Illinois.

*New Castle, March 17, 1943.*

*Ayres J. Stockly* and *Caleb R. Layton, 3rd,* of the firm of Hastings, Stockly and Layton, for complainants.

*Aaron Finger,* of the firm of Richards, Layton and Finger, for defendants.

HARRINGTON, Chancellor: The opinion previously filed, denying the complainants' motion to strike out a plea of the statute of limitations, was not based on Chapter 10 of the so-called *Chandler* amendment, and its provisions need not be considered. While perhaps not clearly stated, the question was whether the old *Section* 11, *sub. d, of Chapter* 3 *of the Federal Bankruptcy Act of* 1898, 11 *U.S.C.A.* § 29, *sub. d,* was still a part of that Act on February 1st, 1939, when this suit was brought.

Nor was it then contended that any constitutional question was involved.

The *Chandler* amendment to 77*B of the Bankruptcy Act* was approved June 22nd, 1938, but by its express provisions was not to go into effect until three months thereafter. This bill was not filed until February 1st, 1939; though the alleged fraud was known as early as November 1st, 1935. The report of a special master appointed by

the bankruptcy court to investigate the facts was filed on that date. The trustees were appointed in 1934, and one of them must have had at least a general knowledge of the facts when the various transactions complained of occurred, and, therefore, at a much earlier date.

The old *Section* 11, *sub. d, of Chapter* 3 *of the Bankruptcy Act;* 11 U.S.C.A. § 29, *sub. d,* provided:

"Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

It is contended that the *Chandler Act* was intended to be prospective, and did not apply to suits by receivers and trustees in bankruptcy proceedings pending before September 21st, 1938. In most cases, that Act may be prospective, rather than retroactive, in its application (*Ginsberg v. Lindel,* (8 *Cir.*) 107 *F.* 2d 721; *In re Ritz-Carlton Rest. & Hotel Co.,* (*D.C.*) 24 *F. Supp.* 78); but that is not the precise question here.

The enacting clause of the *Chandler Act,* 52 *Stat.* 840 provides:

"That Sections 1 to 11, inclusive * * *, are hereby amended * * * to read as follows."

The provisions of the old *Section* 11, *sub. d* of the Act of 1898 were then rewritten and incorporated in separate and distinct sub-sections, materially differing from the original section. The new *Section* 11, *sub. d* covered suits against a receiver or trustee of a bankrupt estate, while the new *Section* 11, *sub. e,* related to suits by a receiver or trustee of such an estate. In the latter case, the limitation period provided for in the original section, was two years after the estate "has been closed". By the amendatory section, the period of time within which suits may be brought by a receiver or trustee in bankruptcy, is "two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit."

Moreover, *Section 4 of the Chandler Act,* 52 *Stat.* 940, 11 *U.S.C.A.* § 204, provides:

"Except to the extent necessary to give effect to the provisions of Section 6 of this amendatory Act, all Acts or parts of Acts inconsistent with any provisions of this amendatory Act are hereby repealed."

In view of that specific exception, it seems difficult to imply other exceptions, not appearing in the Act. *Subsection b of Section 6 of the Chandler Act,* 11 *U.S.C.A.* § 1 *note,* is not applicable. The necessary conclusion, therefore, seems to be that the old *Section 11, sub. d,* was no longer a part of the *Federal Bankruptcy Act of* 1898 after September twenty-first of that year. In effect, it was deleted therefrom on that date. As was pointed out in *Equitable Guarantee & Trust Company v. Donahoe,* 3 *Pennewill* 191, 49 *A.* 372, 374:

"In cases of express repeal it seems to be settled that the old section only remains valid where the amending act is totally void, including the repealing clause, * * *."

See also *Hazzard v. Alexander,* 6 *W. W. Harr.* (36 Del.) 212, 173 *A.* 517.

It is, therefore, unnecessary to consider the complainants' present contention that the new *Section 11, sub. e, of the Chandler Act,* if applicable, violates the *Fifth Amendment* to the *Federal Constitution* because the three months' period between the enactment and approval of that Act and its effective date was not a reasonable time within which the alleged rights of a bankrupt estate could be asserted.

Nor is it necessary to determine whether the cases cited by the defendants (*In re Community Power & Light Co.,* (*D.C.*) 33 *F. Supp.* 901; *Norman v. Baltimore & O. R. Co.,* 294 *U.S.* 240, 305, 55 *S. Ct.* 407, 79 *L. Ed.* 885, 95 *A. L. R.* 1352) are pertinent to that question.

As the old *Section 11, sub. d,* was no longer a part of the *Bankruptcy Act* on February 1st, 1939, the State statute

of limitations is controlling, and a plea based thereon is entirely proper.

An order denying the complainants' motion to strike out that plea, will be signed accordingly.

Note: A decree dismissing the bill was subsequently entered. On appeal the decree was reversed, the cause reinstated and remanded for proceeding in accordance with the opinion reported *post p.* 381, 38 *A.* 2*d* 808.