### In re BVT CHESTNUT HILL APART-MENTS, LTD., Debtor.

### Bankruptcy No. 390–01142.

United States Bankruptcy Court, M.D. Tennessee.

June 4, 1990.

Ernest B. Williams, IV, Boult, Cummings, Conners & Berry, Nashville, Tenn., for BVT Chestnut Hill Apartments, Ltd.

W. Rowlett Scott, Memphis, Tenn., for Massachusetts Mut.

### MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether rents constitute cash collateral where the mortgage holder recorded an assignment of rents in 1986, the legislature of Tennessee declared registration to be a method of perfecting securi-

ty interests in rents in 1989, and this Chapter 11 was filed in 1990. The rents are cash collateral.

## I.

The debtor's principal asset is an apartment complex. In 1986, the debtor borrowed $3.1 million from Massachusetts Mutual Life Insurance Company and executed a deed of trust, a security agreement and an assignment of leases to secure the loan. These instruments were recorded in the Registrar's Office of Davidson County, Tennessee on April 7, 1986.

The deed of trust authorizes the mortgage holder to collect rents and obtain a court-appointed receiver if the debtor defaults. The "Assignment of Leases" assigns the debtor's interest in leases and rents "absolutely;" however, the debtor retained the right to collect rents while the note and mortgage were not in default and the document itself provides that rents are additional security. The ambiguity in the paperwork does not overcome the presumption under state law that a security interest was effected. *See Vanderbilt Plaza, Ltd. v. The Travelers Ins. Co. (In re Vanderbilt Plaza, Ltd.)*, No. 387–0214 (Bankr.M.D. Tenn. June 2, 1988); *TSC Industries, Inc. v. Tomlin*, No. 84–1122–III (Ch.Ct. Davidson County, Tenn., Feb. 6, 1987) (slip op.).

Although the debtor defaulted prepetition, Massachusetts Mutual did not seek the appointment of a receiver, demand rents, or take possession of the leasehold. The debtor filed Chapter 11 on February 6, 1990. One week later, Massachusetts Mutual filed a § 546(b) notice,[1] and moved to prohibit the use of pre- and post-petition rents, as cash collateral. The debtor ar-

gues that the rents are not cash collateral because Massachusetts Mutual did not perfect its interest under Tennessee law before the petition, and § 546(b) is ineffective to perfect that interest after the petition.

## II.

Prior to April 27, 1989, under Tennessee law, an assignment of rents for security was not perfected and would not defeat the rights of an executing creditor unless the assignee took possession of the rents or the leasehold, or commenced judicial proceedings to sequester the rents. *See In re Harbour Town Assocs., Ltd.*, 99 B.R. 823 (Bankr.M.D.Tenn.1989). Circuit Judge Kurtz cogently explained the law of assignments of rents in Tennessee prior to 1989 in *TSC Industries, Inc. v. Tomlin*, No. 84–1122–III (Ch.Ct. Davidson County, Tenn., Feb. 6, 1987) (slip op.):

> [The mortgage holder] must act to make its priority operative by requesting the appointment of a receiver, seeking an order of sequestration, or an order of impoundment respecting the rents 'or [by] take[ing] some other similar action' ... until the [mortgage holder] takes action ... regarding the rents, the garnishments issued by [another creditor] regarding these rents are valid. All past garnishments ... remain valid and will be enforced.
>
> ... [R]egistration, while being notice to all others of [the mortgage holder's] rights does not change the contingent nature of the [mortgage holder's] priority.... Once [the mortgage holder] has taken the appropriate action to establish its rights to the rents, then it will be

---

1. The use of § 546 to complete perfection of a security interest in rents after a bankruptcy petition is controversial. *Compare Vanderbilt Plaza, Ltd. v. The Travelers Ins. Co. (In re Vanderbilt Plaza, Ltd.)*, Adv.Proc. No. 387–0214 (Bankr.M.D.Tenn. June 2, 1988); *State Mutual Life Assurance Co. of America v. Harbour Town Assocs., Ltd. (In re Harbour Town Assocs., Ltd.)*, No. 389–00693 (Bankr.M.D.Tenn. Aug. 21, 1989); *Casbeer v. State Fed. Sav. & Loan Ass'n of Lubbock (In re Casbeer)*, 793 F.2d 1436 (5th Cir. 1986); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 17 BANKR.CT.DEC. (CRR) 1147 (Bankr.C.D.Cal.1988); *In re Gelwicks*, 81 B.R.

445 (Bankr.N.D.Ill.1987); *In re Morning Star Ranch Resorts*, 64 B.R. 818, 14 BANKR.CT.DEC. (CRR) 1211 (Bankr.D.Colo.1986); *In re Association Center Ltd. Partnership*, 87 B.R. 142 (Bankr. W.D.Wash.1988); *In re Prichard Plaza Assocs. Ltd. Partnership*, 84 B.R. 289 (Bankr.D.Mass. 1988); *In re Multi–Group III, Ltd. Partnership*, 99 B.R. 5, 19 BANKR.CT.DEC. (CRR) 528 (Bankr.D.Ariz.1989); *Kearney Hotel Partners v. Richardson*, 92 B.R. 95 (Bankr.S.D.N.Y.1988). *See also* McCafferty, *The Assignment of Rents in the Crucible of Bankruptcy*, 94 COM.L.J. 433 (1989).

given priority over any future garnishments.

In 1989 the Tennessee General Assembly enacted Public Chapter 213, effective April 27, 1989, now codified as TENN.CODE ANN. § 66-26-116:

(a) Upon registration, in the county where the real property lies, of any instrument granting, transferring, pledging or assigning the lessor's interest in leases or rents arising from real property, the interest of the grantee, transferee, pledgee or assignee shall be fully perfected as to the grantor, transferor, pledgor or assignor and all third parties without the necessity of furnishing notice to the assignor or lessee, obtaining possession of the real property, impounding the rents, securing the appointment of a receiver, or taking any other affirmative action, and shall have the priority provided for in his chapter.

(b) The lessee is authorized to pay the assignor until the lessee receives notification that rents due or to become due have been assigned and that payment is to be made to the assignee.

■ Rules of construction dictate that unless a statute expresses a contrary intent, it should be applied prospectively. *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982); *Twenty Per Cent Cases*, 87 U.S. (20 Wall.) 179, 22 L.Ed. 339 (1874). *Remedial, interpretive* and *procedural* statutes are exceptions to the prohibition against *"retroactive"* operation of a statute. *Sturges v. Carter*, 114 U.S. 511, 5 S.Ct. 1014, 29 L.Ed. 240 (1885); *Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967); *Anderson v. Memphis Housing Authority*, 534 S.W.2d 125 (Tenn.Ct.App. 1976); *Dowlen v. Fitch*, 196 Tenn. 206, 264 S.W.2d 824 (Tenn.1954); *In re Aloma Square, Inc.*, 85 B.R. 623 (Bankr.M.D.Fla. 1988); *In re Federal Shopping Way, Inc.*, 457 F.2d 176 (9th Cir.1972). The labels are not always analytically useful. Stripped of labels, the underlying rule is that a statute should not be employed to impair vested rights. *See In re Aloma Square, Inc.*, 85 B.R. 623 (Bankr.M.D.Fla.1988) (a statute is *substantive* if it creates new rights or impairs a vested right.); *Sturges v. Carter*, 114 U.S. 511, 5 S.Ct. 1014, 29 L.Ed. 240 (1885) (citing *Society v. Wheeler*, 22 F.Cas. 756, 2 Gall., 139, a statute is not *retrospective* if it does not impair vested rights.); *Saylors v. Riggsbee*, 544 S.W.2d 609 (Tenn. 1976) (interference with vested rights or contractual obligations determines whether a new law is *substantive* or *procedural*.)

■ Applying TENN.CODE ANN. § 66-26-116 in this case does not impair any vested rights in the rents. On February 6, 1990, when the debtor in possession's rights arose, it had no expectation in the rents under prior Tennessee law. Its right to collect rents was always subject to Massachusetts Mutual's right to perfect its security interest; § 66-26-116 merely changed the *procedure* for perfection. Instead of taking possession of the leasehold or sequestering the rents, the new statute allows an assignee to perfect by registration. Neither the debtor nor anyone else had a "right" to require Massachusetts Mutual to perfect by possession or sequestration. *See Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967) (quoting *Ex parte Collett*, 337 U.S. 55, 71, 69 S.Ct. 944, 953, 93 L.Ed. 1207, "[n]o one has a vested right in any given mode of procedure.") Massachusetts Mutual was perfected on the effective date of the Tennessee statute, before this debtor became a debtor-in-possession, because its assignment of rents was recorded.

Application of § 66-26-116 to this debtor's 1986 "Assignment of Leases" is not a prohibited "retroactive" application. The new Tennessee statute was effective in 1989. The rights of these parties are to be measured at the petition in 1990. A statute is not retroactive in application merely because the facts upon which its application depends came into being prior to its enactment. *See United States v. Manufacturers Nat'l Bank of Detroit*, 363 U.S. 194, 80 S.Ct. 1103, 4 L.Ed.2d 1158 (1960);

*United States Environmental Protection Agency v. New Orleans Public Service,* 826 F.2d 361 (5th Cir.1987); *Tennessee Ins. Guaranty Ass'n v. Pack,* 517 S.W.2d 526 (1974); *Cox v. Hart,* 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922).

Legislative efforts in other jurisdictions to effect changes in the treatment of rent assignments have produced conflicting judicial opinions. *Compare In re Aloma Square, Inc.,* 85 B.R. 623 (Bankr.M.D.Fla. 1988) *and, In re Mears,* 88 B.R. 419 (Bankr.S.D.Fla.1988) (recent Florida statute[2] concerning rent assignments is procedural; retroactive application is appropriate) *with, In re Camelot Assocs. Ltd. Partnership,* 102 B.R. 161 (Bankr.D.Minn.1989) (Florida statute is substantive and should be applied only prospectively); *and, In re Franklin Pembroke Venture II,* 105 B.R. 276 (Bankr.E.D.Pa.1989) (agreeing with *Camelot* in dicta). *See also In re 163rd Street Mini Storage, Inc.,* 113 B.R. 87 (Bankr.S.D.Fla.1990) (the "absolute" assignment described in FLA.STAT. § 697.07 puts rents outside of the bankruptcy estate altogether). Two older Ninth Circuit cases refusing to apply a new assignment of rents statute to previously recorded instruments are distinguishable. In *In re Federal Shopping Way, Inc.,* 457 F.2d 176 (9th Cir.1972) and *Investors Syndicate v. Smith,* 105 F.2d 611 (9th Cir.1939), Oregon and Washington laws were changed to acknowledge for the first time the validity of assignments of rents. The amendments created new substantive rights of mortgage holders to claim security interests in rents and the Ninth Circuit refused to apply the new statutes to pre-existing documents purporting to assign rents as security. Tennessee has long recognized a mortgagor's ability to pledge its rents as security; the 1989 statute merely defined a method of perfecting such assignments.

An unpublished opinion by Chief Judge Paine of this court, *In re Harbour Town Assocs., Ltd.,* No. 389–00693 (Bankr.M.D. Tenn. Aug. 21, 1989) is not inconsistent with the view here adopted and is factually different in one critical respect. The *Harbour Town* Chapter 11 case was commenced on January 31, 1989, nearly three months before the effective date of Public Chapter 213. At the petition, the mortgage holder had not perfected its security interest in rents under prior Tennessee law. Chief Judge Paine accepted the debtor's argument that application of Public Chapter 213 would effect a substantive change in its rights against the mortgage holder. This result is correct because the debtor-in-possession's right to avoid an unperfected security interest in rents under § 544 vested at the petition in January of 1989, before the effective date of the new Tennessee statute. Divesting those rights based on the subsequent enactment would be a prohibited "retroactive" application of the Tennessee statute. Here, Public Chapter 213 was effective before the petition.

An appropriate order will be entered.

---

**2.** FLA.STAT. § 697.07 states in part:
A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee.