Opinion of Justice Ford.
In this case the plaintiff declares on a judgment against the defendant, recovered in the Inferior Court of Common Pleas for the county of Burlington, in New Jersey. The defendant pleads in abatement, that the plaintiff commenced a prior action against him on the same identical judgment *106 in the Court of Common Pleas of Crawford county, in Pennsylvania, as by the record and proceedings, &c., of that court appears; which action is there still depending. The *84] defendant annexes to the plea an affidavit of the * truth of it, which affidavit was sworn before a judge of Crawford county aforesaid. The plaintiff demurs generally to the plea in abatement, and after joinder moves several exceptions; one of which is, that the affidavit is a nullity, by reason of its not being made before a judge or commissioner for taking bail and affidavits in this court, where the action is depending, and therefore that it cannot be read or used in this cause. This objection is fully supported by the case in 3 Hals. 176; so that here is no affidavit of the truth of the plea. The rule of the court is, “That no dilatory plea, or plea of another judgment, shall be received in this court, unless the party offering such plea do offer therewith to be filed, an affidavit proving the truth thereof, or do show some probable cause to the court to induce them to believe that the matter therein set forth is true.” The defendant then argues that an affidavit is not necessary when the plea is to the jurisdiction; and for this he.cites a decision prior to the statute of Anne; but our rule supplies the place of that statute. This is not only a dilatory plea, and so within the letter of the above rule, but it comes within the statute which our rule is taken from. In 2 Archb. Pr. 2, it is laid down, that a plea to the jurisdiction like all other dilatory pleas, must be verified by affidavit. It is next argued that the rule does not require an affidavit without any alternative ; it says, an affidavit or some probable cause of belief that the matter is true; and as the matter pleaded is a record, that no more probable evidence of it can be given than the production of the record itself, exemplified under the seal of the court, as is done in this case. Now the record, if' properly produced, would clearly prove the institution of an action on this judgment in Pennsylvania; but this record is deficient in three respects. First, it is offered, *107 not along with the plea, according to the rule, but it comes in afterward; after a demurrer, and not till the time of argument. Second: Though it would prove the institution of an action, the proof that such action was still pending, would be wholly deficient without an affidavit. Thirdly: The record is not properly produced. Lord Coke says : If a man plead an outlawrie in abatement ho must show forth the record thereof sub poda sigilli, unless the record be iu the same court. 1 Inst. 128 b. So a plea of popish recusancy in abatement must shew the record thereof from the sessions sub pede sigilli. Curwen v. Fletcher, 1 Stra. 520. But if it be a record of the same court the plaintiff might demand a note of the term and number of the roll *aud sign judgment the next day for want of it. Bac. [*85 ab. Lit. Abatement, m. 1 Ld. Ray. 347. From hence it clearly appear,s that if the record of another court be pleaded in abatement, the party must, as the Institute expresses it, «¡hoto forth such record under seal.
The mode of doing this, as suggested by the plaintiffs counsel, is to make a profort of the record in the plea, but I am not satisfied that this is so. Lilly gives a plea in King’s Bench of a prior action for the same cause depending in the Common Pleas, with only a prout patet per recordum. 1 Lil. ent. 7. Wentworth gives two similar pleas, 1 Went. 52, 64. The same is given in Story's plead. 65. See also 3 Ld. Ray. 52. These are sufficient, I think, to establish the form of the plea. The meaning of the books and reason of the thing is, that in abatement, an exemplification of the record sub pede sigilli, duly authenticated, must accompany the plea, and bo filed therewith as matter of evidence. In abatement the plea and the evidence must be put in together, or the plea will be ill. Matter of fact must be verified by affidavit; matter of record must be verified in another way, by annexing the record sub pede sigilli. Even a sworn copy of the record will not be admissible on the issue of nul tiel record, Gilb Evid. 26. The evidence of it *108 must be in such form that it can be read in our court. As this is the record of a judicial proceeding in another state, its production under the seal of that court does not authorize the reading of it here, unless it be authenticated according to the act of congress. No day is to be given for the production of the record, but it is to be brought into court and filed with the plea, as evidence, legal evidence, of the matter contained in the plea. Now in this case there is no affidavit, no exemplification of the record authenticated so as to be read, nor was it filed along with the plea. For .these reasons the plea cannot be maintained, and the defendant must answer over.
Opinion of Justice Drake.
This is an action of debt brought by the plaintiffs on a judgment heretofore obtained by them, against the defendant, in the inferior Court of Common Pleas of the county of Burlington. The defendant pleads in abatement, a former action, for the same cause, pending in the Court of Common Pleas of Crawford county in the state of Pennsylvania. A general demurrer is filed to the plea, and joinder in demurrer.
*86] *The first objection to this plea is, that it has been filed without offering therewith an affidavit proving the truth thereof; and without any probable cause shewn to the' court to induce them to believe that the matter therein set forth is true. An affidavit accompanies the plea, taken before a judicial officer of the state of Pennsylvania. But this cannot be read, as the affidavit required by the rule, 3 Halst. 176, nor is it evidence of the probable cause therein mentioned. For this cause the plea might have been treated as a nullity, or set aside upon motion, 1 Chitty 453, and the authorities appear to allow of its being taken advantage of on eithér general or special demurrer. For this reason, *109 without adverting to the other questions raised in the cause, I am of opinion that the demurrer is sustained, and that the defendant should answer over.
The C. J. gave no opinion, being a stockholder in the bank.