ANONYMOUS.

Matter of Practice.

*Mr. Scott* in behalf of C. L. Hardenbergh,

Moved for a rule to stay the proceedings in this case, until the costs of a former suit in the Court of Common Pleas, be paid: an affidavit being read, that the cause of action is the same in both Courts, and that the plaintiff is insolvent, he having recently been discharged under the insolvent law.

Books cited. *Tidd's Practice*, 5 *Halst.* 59.

*Rule granted.*

---

EDDY v. WILLIAMSON.

On *Certiorari* to a Justice of the Peace.

If a suit is commenced by summons, and judgment is rendered for the plaintiff, it is irregular to issue execution thereon before the expiration of the time of delay allowed to a freeholder, unless applied for *instanter* at the time of rendering judgment; or, at a subsequent day, upon the proper affidavit, and notice to defendant, of the intended application.

*D. A. Hayes* for plaintiff in *Certiorari*.

The object of this writ was to set aside the Execution issued in this cause. The Judgment was rendered against the defendant below, who is plaintiff in *Certiorari, in his absence,* on the fourth of January 1838. On the fifteenth of February following, the Justice issued an execution on the application of the plaintiff and on an affidavit of danger, made by him, without any notice to the defendant, of such application. The suit had been commenced by summons, 2 *Green*, 39 was cited by plaintiff's counsel.

*I. H. Williamson,* contra. There was no appearance to the suit, and no defence made. The statute requires the justice to be