STATE, CHALKLEY LECONEY, PROSECUTOR, v. OVERSEER OF THE POOR, &c.

1. A stay of proceedings in a bastardy case, until costs of former proceedings against the defendant, in behalf of the same township and in respect to the same child, are paid, may rightfully be granted; but a refusal to stay in such a case, not shown to be of any substantial injury to defendant in the cause, is not such an adjudication as is reviewable on *certiorari*.

2. That there was in fact a prior order of filiation against defendant, in behalf of the same township, respecting the same child, will not justify the reversal of the order of filiation now brought up, unless it appears that the bar of the prior order was set up in the court below, and that there was an adjudication thereon.

Leconey v. Overseer.

On *certiorari* to the Quarter Sessions of Camden county, removing an order of filiation made on an appeal under the bastardy act, the order of the two justices, &c.

Argued at February Term, 1881, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *J. E. Troth.*

For the defendant, *Alfred Hugg.*

The opinion of the court was delivered by

MAGIE, J. The counsel for prosecutor, in his brief, presses for reversal upon two only of the reasons filed. The first of these reasons relates to the refusal of the Sessions to grant a motion for a stay of the proceedings until the costs of two former actions for the same cause had been paid. The second relates to the alleged existence of a former order of filiation determining prosecutor to be the father of the child in question and requiring him to contribute to its support.

That courts have a right to stay proceedings, in an action of a civil nature, until costs incurred by the defendant in a former action for the same cause by the same plaintiff shall be paid, has been long settled. The origin and reason of the rule were considered and lucidly treated in the opinion of Chief Justice Ewing in *Sooy* v. *McKean,* 4 *Halst.* 86. Since that case the practice has been illustrated by many cases in our courts, both of law and equity ; but, so far as I am able to discover, this is the first instance in which an attempt has been made to apply the rule in question to an action under the bastardy act prosecuted by public officers and for the indemnity of the public. I conclude, however, that there is no reason why the rule should not be applied to such a case. The proceeding under the bastardy act, while of statutory character, intended to compel, in a summary way, the putative father to protect the public against the maintenance of his illegitimate children, is not a criminal, but a civil action.

*Dally* v. *Overseers*, 1 *Zab.* 491; *Hildreth* v. *Overseers*, 1 *Green* 5. Although for the benefit of the public, it is expressly provided that costs in this action are to be awarded against the losing party, as in ordinary cases at law. *Rev., tit. "Bastards,"* § 30. The persons engaged in such proceedings, although public officers, may be lawfully required to pay the costs of a defendant against whom their complaint has not been made good. In the case of *Sooy* v. *McKean, supra*, the rule permitting such stay was held to extend to the special statutory proceedings under the insolvent law. I think, therefore, that the Sessions, in this case, upon proper proofs, had a right to stay these proceedings until the costs incurred by defendant in former proceedings in behalf of the same township and for the same cause were paid.

But the action of the Sessions in refusing such a stay is not a subject for review in this court. The ground on which stay is granted is that a second unnecessary action is vexatious, and the party resorting to it ought to be first compelled to make good to the defendant the costs the first action had subjected him to. But if it appears that the second action is not vexatious, but rendered necessary, or at least excusable, by some act or omission of the defendant in the former action, this ground fails. Consequently, a stay is refused in such a case. *Lawrence* v. *Dickenson*, 2 *Cow.* 580. The question submitted to the court on a motion for such a stay is not a question of law; it is a question of fact, and addressed only to the discretion of the court, like a motion for continuance of a cause. Such matters are not the subject of review on writ of error. *McCourry* v. *Doremus*, 5 *Halst.* 245. The exercise of the discretion of the court below will not be questioned in matters brought here by *certiorari*, unless it is unwarrantable and illegal, and productive of substantial injury to the party complaining. *State, Newell, pros.,* v. *Bassett*, 4 *Vroom* 26; *Clifford* v. *Frankford*, 8 *Vroom* 152. Here no injury appears to have been done to prosecutor by the refusal to stay. His defence appears to have been in no wise abridged or diminished thereby. His right to costs, if it existed, may yet be

enforced. No substantial injury was therefore done him. The refusal of the stay, under such circumstances, cannot be reviewed.

The other contention on the part of prosecutor is that the order under review must be reversed because of the existence of a previous order of filiation, in behalf of the same township, against defendant, respecting the same child. If such a previous order existed, and was set up by proper proof, and relied on in the Sessions as a bar to making the order in question, no doubt that court would have erred in proceeding: It would then have appeared that the precise point in controversy had, in a previous litigation between the same parties, been adjudicated, and that the claim of the public had been merged in a judgment. But there is nothing in this case to show that any such proof was laid before the Sessions, or, at least, that any defence of that sort was there set up or adjudicated on. The writ in this case calls for the order, rulings and proceedings in the Sessions, and the appeal, judgment, orders and proceedings of the two justices appealed from. There is a due return of the proceedings called for. Other papers are printed in the case which appear to be copies of transcripts in other proceedings. Among them is an order of filiation of an earlier date in favor of the same township, against defendant, and respecting the same child. These papers are not called for by the writ. There is no state of the case. The court below has not been required to certify as to what took place on the trial. The first point was argued upon an admission of counsel respecting a motion for stay of proceedings on the ground of the non-payment of the costs of former proceedings. There is nothing, indeed, to show that the papers above mentioned were ever before the Sessions in this cause, unless it can be inferred from the admission of counsel respecting the question of costs. If we were entitled to infer from that admission (which is doubtful) that these papers were shown to the court upon that motion, it does not follow that they were presented as a defence, on the ground of a former recovery, or that the judgment of the court was

invoked on that subject. In summary proceedings such as these, probably no plea of a former recovery was necessary. But it was necessary in some way to present the question to the court, and to take its ruling thereon. An erroneous ruling could then be reviewed. But nothing of the sort appears in the case. The record discloses neither plea nor motion involving this question, and there is no determination of the court thereon. The reason relied on, upon this point, asks a reversal of the order in question, not because the court below erred in making it, after being furnished with proof of a previous order for the same cause, but merely because of the existence of such a previous order. Manifestly, however, we cannot reverse for a cause which, if pleaded and proved, would have been a bar to the judgment, unless it appears that such cause was pleaded and proved and overruled by the court. The bar cannot be set up in a court of error. Under this reason, there is nothing to show the court below made any erroneous ruling.

The proceedings below must therefore be affirmed, with costs.