### GOLDEN v. NEW YORK, N. H. & H. R. CO.

(District Court, S. D. New York. April 26, 1915.)

1. **Costs** &#x26bf;277—Remedy for Collection—Stay of Subsequent Action.

While the stay of an action until the payment of the costs in a prior action is in part to compel payment of the costs, it is also used to prevent vexatious litigation, and should be favored.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. &#x26bf;277.]

2. **Costs** &#x26bf;277—Remedy for Collection—Stay of Subsequent Action.

Where plaintiff, after the dismissal of an action in the state court, commenced an action in the federal court on the same cause of action, and no reason was given for relieving her of the usual results of an unwarranted litigation, nothing appearing to aid the court in exercising its discretion, except the fact that the first action was dismissed, a stay should be granted until payment of the costs of the former action, unless plaintiff takes an oath in forma pauperis, swearing that such stay will prevent her from prosecuting the action, and also stipulates, in the event of success, to allow defendant credit for the costs upon any execution taken out.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. &#x26bf;277.]

At Law. Action by Bridget A. Golden, as administratrix of Martin A. Golden, deceased, against the New York, New Haven & Hartford Railroad Company. On motion by defendant to stay the action until the costs are paid upon the dismissal of an action on the same cause in the state court. Motion denied on conditions.

James J. Mahoney, of New York City, for the motion.
Charles F. Dalton, of Port Chester, N. Y., opposed.

LEARNED HAND, District Judge. [1] That the stay of a second action till payment of costs is, in part certainly, to collect the costs appears from the fact that, if the plaintiff's body be seized on execu-

tion, the rule does not apply. However, the rule does not wholly depend upon this. Ex parte Stone, 3 Cow. (N. Y.) 380. It is also used merely to prevent vexatious litigation (Flemming v. Insurance Co., 4 Pa. 475), and in the interests of justice. It has been applied in the state court where the prior action was in a federal court (Jackson v. Carpenter, 3 Cow. [N. Y.] 22); and it has been applied, also, when the first action was in the state court and the second, though brought in that court, had been removed (Buckles v. Chic., M. & St. P. Ry. Co. [C. C.] 47 Fed. 424). It is true that it is not applied between two foreign states, and perhaps the reason is not clear, if it be not wholly to compel payment of the former costs; but it is a just rule, arising to prevent needless litigation, and should be favored.

[2] So far as concerns this court's discretion, no facts appear in the case at bar, except that the first action was dismissed. No reason is given for relieving the plaintiff of the usual results of an unwarranted litigation. If she is wholly destitute, and will within five days take an oath in forma pauperis, swearing as well that the condition imposed by this order will absolutely prevent her prosecuting the action, she will be relieved; but, if she has the means of paying the costs, she must pay them. As a further condition she must stipulate, in the event of success, to allow the defendant to credit the judgment for costs, with interest, upon any execution she may take out herein.

The motion is denied upon these conditions; otherwise, it will be granted.