ELIZABETH RYAN, ADMINISTRATRIX AD PROSEQUEN-
DUM, ETC., v. PUBLIC SERVICE RAILWAY COMPANY.

Decided May 11, 1925.

When the Court of Errors and Appeals has awarded costs against an
administrator on affirmance of a nonsuit in the Supreme Court,
the latter court will not deal with the propriety of such award,
but will stay a second action until the costs are paid or the award
vacated by the appellate court.

On motion to stay proceedings.

Before Justice PARKER, at chambers.

For the plaintiff, *Alexander Simpson.*

For the defendant, *Henry H. Fryling.*

The opinion of the court was delivered by

PARKER, J.    Plaintiff was nonsuited at the trial and ap-
pealed to the Court of Errors and Appeals, where the nonsuit
was affirmed.    3 *Adv. R.* 642; 128 *Atl. Rep.* 158.    Though
no copy of the rule of affirmance is before me, counsel agree
that costs were awarded to respondent and taxed at $64.67.
Plaintiff then began a new action without paying these costs,
and the present motion is to stay this new action until the
said costs have been paid.    The question argued before me,
as whether section 229 of the Practice act of 1903 is in force,
or rather the exception in that section relating to executors
and administrators, or whether the Costs act of 1911 (*Pamph.
L., p.* 756) has the effect of repealing section 229 in this
particular.

It seems plain that I am asked to review the action of the
Court of Errors and Appeals in awarding costs, and, in effect,
to override that award on the ground that it was erroneous.
Naturally this cannot be done.    If costs were awarded by

the appellate court improvidently, or under any misapprehension, as to which, of course, I intimate no opinion, the remedy of a party claiming to be aggrieved is to apply to that court to vacate such award. As the matter now stands before me, there is a judgment for costs against plaintiff, and, under the settled practice, these must be paid before the new action can proceed. Stay will be ordered accordingly.