Decided November 3, 1933.

JULIA B. L. MILLER v. ALBERT STIEGLITZ ET AL.

Before Justice PARKER, at chambers.

For the plaintiff, *Samuel Press.*

For the defendants, *Nathaniel Weltchek.*

PARKER, J. The cross-motions are presented for decision
without any submission of the pleadings or statement of the
subject-matter of either suit. What appears is that Miller
began the first entitled suit and died while it was pending,
and thereupon Julia Miller, administratrix, was substituted
as plaintiff pursuant to the Abatement act. The case went to
trial, the jury found for defendants, and the trial judge
signed a *postea* accordingly, containing the clause "with costs
of suit to be taxed in favor of the defendants." On this *postea*
judgment was entered and costs were taxed and I presume

served. Thereupon plaintiff's attorney moved on notice to amend the *postea,* and the judge signed another *postea* making no mention of costs, but the clerk refused to alter the judgment without a rule of the court. This is the first motion before me. The counter motion is in the second suit, begun by Mrs. Miller in her own right, and is directed to a stay in that suit, first on the theory of *res adjudicata,* and secondly for non-payment of the costs in the first action.

The counter motion may be readily disposed of. As has been said, there is nothing before me to show the subject-matter of either action, and nominally the plaintiff is not the same in both. No case is presented for a stay on that ground. As to non-payment of the costs, and assuming they were properly awarded, of which more presently, the point is immaterial, because in the first case there was no nonsuit but a final judgment for defendants. If the issues and parties are the same in both, the second suit is barred, and the question of stay is superfluous. If they are not the same, non-payment of costs in the first will not stay the second. Defendants' motion is denied.

As to the costs, I am satisfied that plaintiff is not liable for them. Section 229 of the Practice act of 1903 so provides with regard to executors or administrators prosecuting in the right of their testators or intestates. In *Hupfer* v. *Siegfried* (1903), 26 *N. J. L. J.* 215, cited by counsel, I held in the Circuit Court as a judge thereof, that the exemption applied in cases where the deceased had begun the action and had died *pendente lite.* That is the present case. I am ready to re-affirm that decision at this time.

It is urged that the Costs act of 1911 (*Pamph. L., p.* 756). substantially re-enacted in this regard in 1927 (*Pamph. L., p.* 204) has repealed the exemption in question. But to this I do not agree. The phrase "except where otherwise provided by law" is somewhat ambiguous, it is true: but in *Ellis* v. *Pennsylvania Railroad Co.,* 90 *N. J. L.* 349; 101 *Atl. Rep.* 415, decided in 1917, it was not suggested that the act of 1911 had changed the rule as to an administrator; and in *Ryan* v. *Public Service Railway Co.,* 3 *N. J. Mis. R.* 492; 128 *Atl.*

*Rep.* 864; reported also in 48 *N. J. L. J.* 229, it appears on page 230 that the Court of Errors and Appeals in 1925 vacated an award of costs against an administrator as improvident.

I will sign a rule to file the second *postea* and modify the judgment by eliminating costs.

The plaintiff is entitled to costs on both motions.