**BANKERS SECURITIES CORPORATION et al. v. RITZ CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY, N. J. (REAL ESTATE BONDHOLDERS PROTECTIVE COMMITTEE, Interven-ers).**

No. 6855.

Circuit Court of Appeals, Third Circuit.

Sept. 17, 1938.

Samuel D. Goodis, of Philadelphia, Pa., Charles A. Wolverton, of Camden, N. J., and Stanley Folz, of Philadelphia, Pa. (Sundheim, Folz & Sundheim, of Philadelphia, Pa., of counsel), for appellants.

Burnett & Trelease, of Newark, N. J., and Rosenberg, Goldmark & Colin, of New York City (Charles C. Trelease and George F. R. Pollard, both of Newark, N. J., and Herman Jervis, of New York City, of counsel), for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge.

This is an appeal from an order of the District Court approving the petition filed in this case in accordance with the provisions of section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and appointing Alexander L. Rogers, Esq., as trustee.

The court held that: 1. The debtor should file complete new schedules and statement as required by the statute within ten days of the approval of the petition and not simply incorporate the old schedules of the former suit into the new petition; (2) the costs in a former suit, between the same parties on the same cause of action, which we ordered paid, need not be paid, before proceeding in this case, but "may be taken care of in the reorganization proceedings" now under consideration; and (3) that this new proceeding is controlled by section 77B and not by the Chandler Act which takes effect on September 22, 1938, 52 Stat. 840, 11 U.S.C.A.

■ 1. The learned trial judge correctly held that the debtor must file complete new schedules in this proceeding. His order is affirmed as to this holding.

■ 2. The payment of costs is generally a matter within the discretion of the trial court and not a subject for review in an appellate court. Sooy v. McKean, 9 N.J.L. 86; Lecqney v. Overseer, 43 N. J.L. 406; Cloquet Lumber Co. v. Burns, 8 Cir., 222 F. 857, 861. Yet in order to prevent vexatious litigation and in the interest of justice, the payment of costs in a former suit should be required before a second suit between the same parties on the same cause of action is permitted to proceed. Kimble v. Western Union Tel. Co., C.C., 99 F. 892; Golden v. New York, N. H. & H. R. Co., D.C., 222 F. 348. And further, when an appellate court orders the costs in a former suit paid, the payment is then, it seems to us, not a matter within the discretion of the trial court. Our mandate in the case at bar directed that the appellants recover against the appellee $341.60 "for their costs herein expended and have execution therefor". That meant that if they were not paid as and when costs are usually paid, execution might issue therefor. It did not mean that another suit between the same parties on the same cause of action might be started and costs in the first suit might be paid by some one at some time at or after the conclusion of the second suit. It was not within the discretion of the District Judge thus in effect to set aside the mandate of this court in this regard. The direction of the Circuit Court of Appeals took the case out of the discretion of the District Court and made the payment compulsory.

■ 3. The District Court held that section 77B, and not the Chandler Act, controlled this new proceeding. This conclusion was reached because retroactive legislation is not favored and statutes will not be given retroactive effect "unless the intention that it shall so operate is expressly declared or is to be necessarily implied". Twenty Per Cent Cases, 87 U. S. 179, 187, 20 Wall. 179, 22 L.Ed. 339; 50 Corpus Juris, section 692. But Congress did express its intention as to when this Act should take effect. The general provision is that it shall take effect three months after it was approved which was June 22, 1938. The Act will become effective generally on September 22, 1938. But there is an express exception to this general provision. Chapter 10, Article 16, section 276(c), 11 U.S.C.A. § 676(c), provides that:

"c. the provisions of sections 77A and 77B of chapter VIII, as amended, of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898, shall

continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that—

"(1) if the petition in such proceedings was approved within three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply in their entirety to such proceedings; and

"(2) if the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable."

If, therefore, the petition was approved within three months prior to the effective date, the provisions of the Chandler Act shall apply in their entirety to these proceedings and exception (1) governs this case.

The petition was filed June 20, 1938, and approved by the court July 14, 1938, within three months prior to the effective date of the Act. Consequently the provisions of Chapter 10, § 101 et seq., 11 U.S.C.A. § 501 et seq., apply to the proceedings in their entirety. This act provides a departure from the procedure followed in section 77B in the final hearing on the petition, in requiring notices to be sent to the Security and Exchange Commission, and in the appointment of a "disinterested" trustee.

So regarding, the order of the District Court is reversed with directions to proceed in accordance with the provisions of the Chandler Act.