**In re HALL'S MOTOR TRANSIT CO.**

No. 9809.

District Court, M. D. Pennsylvania.

Oct. 8, 1938.

Richard Henry Klein, of Sunbury, Pa., for debtor.

Knight & Kivko, of Sunbury, Pa., for petitioners.

JOHNSON, District Judge.

The question presented is whether the court has power under Chapter 10 of the Chandler Act, 11 U.S.C.A. § 501 et seq., summarily to decide whether the debtor is insolvent where the debtor has voluntarily petitioned for reorganization.

The question is raised by a rule on the debtor company and its stockholders to show cause why the debtor should not be declared insolvent and why the stockholders should not be barred from participating in the proceedings on the ground that they have no equity or interest in the assets of the debtor. The rule was obtained upon

the petition of a group of creditors. The debtor and stockholders filed an answer denying that the company was insolvent and alleging that the stockholders have a substantial interest or equity in the assets of the company. The debtor and stockholders also filed a petition asking for a jury trial on these issues. These matters were referred to George E. Deppen, Referee in Bankruptcy as Special Master to take testimony, hear arguments, and make findings and recommendations to the court.

On September 27, 1938, the Special Master filed a preliminary report in which he found that the court has summary jurisdiction under the Chandler Act to pass upon these questions, and that the debtor was not entitled to have the questions submitted to a jury as a matter of right. The debtor company has filed exceptions to this report which are not before the court for disposition.

The petition for reorganization was approved on July 5, 1938, within three months of the effective date of the Chandler Act. Consequently, that act applies in its entirety. Bankers Securities Corporation et al. v. Ritz Carlton Restaurant & Hotel Company et al., 99 F.2d 51, U.S. Circuit Court of Appeals for the Third Circuit (Opinion filed September 17, 1938).

[2, 3] Section 137 of Chapter 10 of the Act, 11 U.S.C.A. § 537, provides that prior to the date set for the hearing on the appointment of a trustee " * * * an answer controverting the allegations of a petition by or against a debtor may be filed by any creditor * * * of the debtor." Section 144, 11 U.S.C.A. § 544, provides that where any allegations of the petition are controverted, the judge shall determine the issues raised without the intervention of a jury. It is clear from a reading of these sections and the other sections of the Act relating to the determination of issues of fact that an immediate determination of all issues of fact without the intervention of a jury is contemplated under Chapter 10. Therefore, the exceptions to the Report of the Special Master are without merit and must be dismissed.

And now it is ordered that the exceptions to the preliminary report of George E. Deppen, Special Master, be and are dismissed, the report is confirmed, and the said Special Master is ordered to proceed to take testimony, hear arguments and make findings and recommendations with reference to the issues of fact.