CONRAD SEBOLT, JR., and JOHN P. KIRKPATRICK, executors of the estate of Conrad Sebolt, Sr., deceased, complainants-respondents,

*v.*

NATIONAL BANK OF NEW JERSEY, a corporation, and HARRY SCOTT, defendant-appellant.

[Submitted May 20th, 1947. Decided September 25th, 1947.]

Mr. *Harry Levin,* for the appellant.

Mr. *Edmund A. Hayes,* for the respondents.

The opinion of the court was delivered by

COLIE, J.

Conrad Sebolt, Jr., and John P. Kirkpatrick as executors filed a bill in Chancery wherein they sought an accounting and a money decree arising out of transactions between the deceased, the National Bank of New Jersey and Scott with reference to certain policies of insurance. On November 19th, 1940, the Chancellor entered a decree dismissing the bill as to the National Bank of New Jersey and directing the defendant, Harry Scott, to account for the proceeds of the aforementioned insurance policies before one of the masters of the Court of Chancery. A timely petition of appeal from the decree of November 19th, 1940, was filed but thereafter appellant took no step to prosecute said appeal, except for the serving and filing of a notice of argument for the February term, 1941, of this court. He now seeks to revive the appeal and move it in conjunction with a subsequent appeal from a decree of the Chancellor entered on March 13th, 1947, after the termination of the accounting proceedings. The complainant executors move to dismiss the appeal from the interlocutory decree of November 19th, 1940, and that motion will be granted with costs. The failure to take any steps to prosecute the appeal amounts to an abandonment thereof and is in violation of the rules and practice. This disposes of case No. 201.

Case No. 233 is an appeal from the decree dated March 13th, 1947. A number of points are argued in appellant's brief but none needs discussion except the ground upon which we base our decision.

Appellant urges us to reverse the decree of March 13th, 1947, because the master to whom the matter was referred was disqualified. The situation in that regard is as follows. In December, 1943, and before the completion of the matter before the master, counsel for the appellant, Scott, presented to him a petition challenging the propriety of the master's sitting on the grounds:

"(a) That you have been counsel for the complainants herein, and in this very cause.

"(b) That you have been counsel for the complainant, Conrad Sebolt, Jr., one of the Executors of the Estate of Conrad Sebolt, Sr., deceased.

"(c) That you were prior to and during the course of this accounting, counsel for Arnold Rosenthal, one of the partners of Rosenthal & Attinger, the accountants for the Estate of Conrad Sebolt, Sr., deceased, the complainant in this cause, and now disclosed to be parties in interest with the complainant and interested substantially in the outcome of this matter.

"(d) That you had prior to and during the course of this accounting important business relations with Arnold Rosenthal, one of the partners of Rosenthal & Attinger, the accountants for the Estate of Conrad Sebolt, Sr., deceased, the complainant in this cause, and now disclosed to be parties in interest with the complainant and interested substantially in the outcome of this matter.

"(e) That prior to and during the course of this accounting, you had and have been acting as attorney of record, solicitor and counsel for Edmund A. Hayes, the solicitor and counsel of the complainant herein, who also is a party in interest in this matter as his fee is dependent upon the outcome of this accounting."

These statements went unchallenged by the master and therefore must be accepted as true. The master continued to sit, and filed his report to which a number of exceptions were raised, all of which were overruled by the Vice-Chancellor who filed a memorandum in the course of which he said, in dealing with the matter of the master's asserted disqualification: "One of the exceptions by the solicitor of the defendant Scott is directed to an asserted refusal on the part of the master to disqualify himself on the ground of alleged lack of impartiality. *I have carefully considered the proceedings before the master and the matters alleged as ground for disqualification of the master and I do not find therein anything to show lack of impartiality on the part of the master or grounds for disqualification.* Aside from this I have considered the matters contained in the master's report in the light of all the testimony as if no finding had been made by

the master. * * * The master had first-hand opportunity to see the witnesses and give weight to their testimony as his judgment called for, and I am of opinion that his judgment and finding after reading, as I was obliged to do the cold type, is justified. The master's conclusions are not to be lightly disturbed unless it is plain that he erred in matter of law or, as to the decision of the facts with which decision by the master I have already herein concurred." (Italics ours.)

Our present statute, *R. S. 2:26–193*, is explicit. It provides: "No judge of any court shall * * * sit on the trial of or argument of any matter in controversy in a cause pending in his court, when he: * * * (b) Has been attorney of record or counsel for a party to such action * * *." This legislation, in substantially the same language, has been on the statute books since 1797, *Paterson 254* and its general purport is embodied in rule 297 of the Court of Chancery. It reads: "No cause or action shall be entertained, heard or determined by any Vice-Chancellor, Advisory Master or other officer of the court who has any personal interest therein or is of close kin to, or has any important business relations with any party thereto or any solicitor or counsel of any party."

The above quoted statute is self-executing. Upon the proof of the existence of any of the grounds therein stated, the judge or other judicial officer if challenged upon those grounds, is automatically disqualified and it is unnecessary for the challenging party "to show lack of impartiality * * *" as the Vice-Chancellor wrote in that part of his memorandum which we have italicized. We are of the opinion that any deviation from the legislative mandate is inimical to the proper administration of justice.

The decree under appeal is reversed, with costs, and the cause is remanded to the Court of Chancery to the end that the Chancellor may make a new order of reference.

No. 201 with No. 233—

*For dismissal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, SCHETTINO, JJ. 13.

No. 233 with No. 201—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, BODINE, HEHER, COLIE, WACHENFELD, BURLING, DILL, FREUND, MCGEEHAN, SCHETTINO, JJ. 10.

*For modification*—DONGES, EASTWOOD, WELLS, JJ. 3.