"The decree under appeal is reversed with costs and the cause is remanded to the Court of Chancery to the end that the Chancellor may make a new order of reference." Such is the language of the concluding paragraph of the opinion of the former Court of Errors and Appeals rendered in this cause on September 25, 1947. Sebolt v. National Bank of New Jersey, 140 N.J. Eq. 440, 55 A.2d 97. Recently the action was referred to me, and an application is now made on behalf of the defendants for an order suspending the further prosecution of the action until the plaintiffs have paid the costs of approximately $1,700 awarded to the defendants upon the determination of the appeal.
Initially it must be acknowledged that it is not within the compass of my judicial authority to disestablish or nullify the previous award of costs. Any insistence that the award was improvidently or erroneously made should have been *Page 407 
addressed to the appellate court. Ryan v. Public Service RailwayCo., 128 A. 864, 3 N.J. Misc. 492. While the point was not intimated at the argument, it has occurred to me that even if the provisions of R.S. 2:27-381, N.J.S.A., were applicable, nonetheless I am without the power to modify the remittitur.
There seems to be some diversity of judicial opinion whether in all situations the exercise of the authority to arrest further proceedings in the same action or enjoin the conduct of a second action until costs previously incurred are satisfied, is purely a discretionary power or in some instances an imperative duty of the trial court. Sooy v. McKean, 9 N.J.L. 86; Sears v.Jackson, 11 N.J. Eq. 45; Updike v. Bartles, 13 N.J. Eq. 231; Leconey v. Overseer, 43 N.J.L. 406; Rule 3:41-4;Henderson v. Griffin, 5 Pet. (U.S.) 151, 8 L.Ed. 79;Brinsfield v. Howeth, 107 Md. 278, 68 A. 566; 20 C.J.S.656, § 419; 14 Am. Jur. 58, § 90. Cf. Swing v. Inhabitants ofAlloways Creek, 10 N.J.L. 58; Bankers Securities Corp. v.Ritz Carlton, etc., Co., 99 Fed.2d 51.
However, in the somewhat unusual circumstances of the present case it seems to me that sound discretion recommends the requested intermission.
The defendants were unsuccessful in one phase of their appeal. They suffered costs which the surviving plaintiff accepted. For nineteen months he has evinced no intention of reciprocating in the discharge of his similar obligation.
The determined persistency with which the plaintiff continued the prosecution of the action despite the valid objection of the defendants may well be inferred to be the reason the appellate court visited upon him the unqualified obligation to pay the costs. The mandate of that court must be accorded its proper recognition.
It is the optimistic desire of the plaintiff that he be permitted to proceed with a re-trial and that the defendants be privileged to deduct their costs from the plaintiff's inevitable recovery. The defendants do not envision any such anticipatory prospect. Noticeably the appellate court did not direct that the costs abide the final determination of the suit. *Page 408 
A re-trial of the action will oblige the defendants probably to double their present substantial outlay of expense, and suppose their defense is successful — what then?
Moreover it is divulged that although the plaintiff is asserting the alleged cause of action in his representative capacity, he is the principal, if not the sole, beneficiary of the estate. His present disinclination to pay the past due costs seems to controvert the assurances of his confidence in the eventual outcome. The circumstance, if true, that neither the estate nor the plaintiff is financially able to pay the costs yet able to finance the expense of another presentation of his claim is not impressive, particularly in the absence of a controlling statute. Sooy v. McKean, supra; Anonymous, 16 N.J.L. 415;156 A.L.R. 956.
My comments in the decision of this motion are not to be contemplated as in anywise indicative of any preconceptions of the merits of the case, of which I have no present knowledge.
An order will be entered deferring the further prosecution of the action until the costs due to the defendants are paid and until the further order of this court.