120 N.J. Super. 511 (1972)
295 A.2d 204
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN CONNOLLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1972.
Decided September 22, 1972.
*513 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Harry Kay argued the cause for appellant.
Mr. Michael H. Stieber, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. David N. Dubrow, Assistant Prosecutor, of counsel; Mr. Theodore W. Daunno, Legal Assistant, on the brief).
PER CURIAM.
By a four-count indictment defendant John Connolly was charged with (1) acting as a messenger, clerk or copyist where a lottery business was being transacted on March 16, 1971 (N.J.S.A. 2A:121-3(a)), (2) on March 17, 1971, (3) on March 18, 1971, and (4) possession of lottery slips on March 24, 1971 (N.J.S.A. 2A:121-3(b)). At the conclusion of the testimony the fourth count was dismissed by the court and the jury returned a verdict of guilty as to each of the first three counts. Defendant was sentenced to concurrent terms of four months in the Essex County Corrections Center on each count and fined $500 on the first count. His subsequent motion for a new trial was denied.
*514 Defendant raises six points: (1) the trial judge should have disqualified himself because his son was an assistant prosecutor of Essex County; (2) it was error to permit an amendment of the indictment and to allow testimony of crimes not coming within the ambit of the indictment; (3) the trial judge erroneously granted the prosecutor's motion to sequester certain defense witnesses; (4) the charge was erroneous; (5) the verdict was contrary to the weight of the evidence, and (6) it was error to deny the motion to set aside the verdict and grant a new trial. We have reviewed the record in the light of these contentions and find them to be without merit.
Initially, we find that the evidence adduced on the part of the State adequately supports the guilty verdicts returned by the jury. Accordingly, the denial of defendant's motion for a new trial on the ground that they were contrary to the weight of the evidence was proper. R. 2:10-1; State v. Fleckenstein, 60 N.J. Super. 399, 408-409 (App. Div. 1960), certif. den. 33 N.J. 109 (1960).
Defendant urges that the failure of the trial judge to disqualify himself pursuant to R. 1:12-1(b) mandates a new trial. By this rule a judge is required to disqualify himself on his own motion if he "is by blood or marriage the first cousin of or is more closely related to any attorney in the action. This proscription shall extend to the partners, employers, employees or office associates of any such attorney except where the Chief Justice for good cause otherwise permits."
There is no substantial dispute as to the facts. The case was assigned to the trial judge on August 9, 1971; pretrial motions were thereafter disposed of by him and the trial was begun on October 18, 1971. Some two weeks before the trial the judge's son was appointed and sworn in as an assistant prosecutor of Essex County. At the trial there was no motion that the judge disqualify himself because of that fact. When the issue was raised for the first time on defendant's motion for a new trial defendant made it clear that *515 he was not contending that the presentation of the case or the conduct of the court had been influenced in any way by the challenged relationship. Wholly aside, it appears clear from an affidavit filed with the court that the judge's son never participated in any way in the preparation of the case or the conduct of the trial. However, it is defendant's contention that despite the lack of any resulting bias or prejudice the judge's failure to literally comply with R. 1:12-1 (b) requires reversal.
We are in accord that the cited rule required the trial judge to disqualify himself. The judge's son was, at least, an office associate of the attorney who tried the case for the prosecutor. However, in the absence of an objection or a motion for disqualification, the question remains whether his failure to disqualify himself calls for a reversal. We are not convinced that it does. Every error does not call for a new trial. Cf. State v. Macon, 57 N.J. 325, 338 (1971). The purpose of an objection is to alert the court to the asserted error so that it may be corrected promptly and the ends of justice may thereby be better served. While here the rule calls for action by the trial judge on his own motion, where he, apparently through inadvertence, omits to act, such omission, in the absence of an objection or a motion to disqualify (see N.J.S.A. 2A:15-50), should not result in a reversal absent a showing that defendant was thereby prejudiced. Here, we are convinced that he was not. The trial of the factual issues was by a jury rather than the court and the issue of defendant's guilt was submitted to the jury in a charge to which defendant made no objection. Further, the possibility of any connection of the judge's son with defendant's prosecution was so extremely remote, if not altogether absent, as to negate any claim of unfairness.
The cases cited by defendant, Sebolt v. National Bank of New Jersey, 140 N.J. Eq. 440 (E. & A. 1947); State v. Muraski, 6 N.J. Super. 36 (App. Div. 1949), and State v. Deutsch, 34 N.J. 190 (1961), are factually inapposite in *516 that in each the issues were resolved by the court sitting without a jury. Further, in Sebolt the master to whom the accounting had been referred had been counsel for the complainants "in this very cause." In Muraski the magistrate had actually been the victim of the defendant's driving and in Deutsch the judge was a brother of the prosecutor, and the assistant prosecutor opposing defendant's motion was also the prosecutor's law partner.
We likewise find defendant's challenge to the ruling amending two counts of the indictment to be without merit. Since the fourth count was dismissed by the court, defendant could not have been prejudiced by the amendment to that count. The amendment to the first count did no more than delete "8 Main Street" as the location in West Orange where the offense was alleged to have occurred on March 16, 1971. It was clearly an amendment as to form rather than substance. R. 3:7-4. Defendant had previously been advised in the bill of particulars furnished by the prosecutor that the offense charged in the first count had taken place at 442 Valley Road, rather than 8 Main Street, West Orange. Undoubtedly by reason of this his counsel declined the court's offer of a continuance to better prepare to meet the issue. We are convinced that defendant suffered no prejudice as the result of the amendment.
Defendant also challenges the receipt of testimony as to the defendant's alleged activities when he was under surveillance on March 11, 12, 15 and 19, 1971. We hold that the allowance of such testimony did not amount to an abuse of the discretion vested in the trial judge. Testimony as to what the witnesses observed on those dates was admissible for the limited purposes set forth in the court's charge. State v. Lanzo, 44 N.J. 560, 566 (1965); State v. Gattling, 95 N.J. Super. 103, 110 (App. Div. 1967), certif. den. 50 N.J. 91 (1968). See also New Jersey Evidence Rule 55.
The ruling on the motion to sequester witnesses was a matter committed to the sound discretion of the trial judge. State v. DiModica, 73 N.J. Super. 1 (App. Div. 1962), *517 aff'd 40 N.J. 404 (1963). The sound exercise of discretion ordinarilly calls for the granting of such a motion. State v. Williams, 29 N.J. 27, 46 (1959). The granting of the prosecutor's motion here did not amount to an abuse of discretion. Further, we are convinced that defendant suffered no prejudice as a result of the ruling.
We have examined the court's charge and note the absence of any objection thereto. We are therefore restricted to determining whether the asserted deficiencies therein qualify as plain error. R. 1:7-2; R. 2:10-2. Our conclusion is that they do not. Considered in its entirety, the charge clearly instructed the jury as to the issues before it and the controlling legal principles by which it was to be guided. State v. Laws, 50 N.J. 159, 176 (1967), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968). It is fair to infer from defendant's failure to object that, in the context of the trial, the claimed error was of no moment. State v. Macon, supra, 57 N.J. at 333. We specifically find that the portion of the charge directed to the deletion of the fourth count and to testimony as to occurrences on days other than those set forth in the indictment was proper and sufficiently alerted the jury to the limited use which could be made of the latter testimony.
From our review of the record we are satisfied that defendant received a fair trial. Whether considered separately or in the aggregate, we find no error, much less plain error in the points raised by him.
Affirmed.